## O'CARROLL v. CIVIL AERONAUTICS BOARD.

### No. 8857.

United States Court of Appeals
District of Columbia.

Argued Oct. 2, 1944.

Decided Oct. 9, 1944.

Mr. Coates Lear, of Washington, D. C., for petitioner.

Mr. Merrill Armour, of the Bar of the State of California, of Washington, D. C., pro hac.vice, for respondent. Mr. Albert F. Grisard, of Washington, D. C., also entered an appearance for respondent.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

This is a petition to review an order of the Civil Aeronautics Board under Section 646, 49 U.S.C.[1] The order appealed from suspended petitioner's commercial pilot's certificate on the ground that he had been negligent in taking off from a commercial air field. The appeal was primarily based on two grounds: (1) That there is no substantial evidence to support the findings of the Board; and (2) that petitioner was deprived of a fair trial because the trial examiner who had made the preliminary findings gave testimony at the Board's hearing.

As to the first point we have examined the record and find ample evidence to support the Board's finding of negligence. In support of the second point petitioner argues that a trial examiner who has been delegated to make preliminary findings of fact is in the position of a judge, and for that reason cannot testify or participate in a proceeding to review its findings without depriving the hearing of the essential quality of due process even though the statute contains no express prohibition of such procedure. We need not decide this question because the examiner's participation in the hearing was limited to a few remarks concerning his interpretation of one of the Board's rules. He was cautioned by the Board that this was improper and no possible prejudice could have arisen because of this minor incident at the hearing.

The trial examiner also represented the Board in the argument before this court. While this was done with the consent of the petitioner the appearance of the trial examiner as an advocate was inconsistent with his former quasi judicial function. We do not think this should affect our decision in this case. We suggest, however, that in our opinion the Board was guilty of an impropriety in assigning an attorney to argue a case in which he had previously served as a trial examiner.

There is no merit in the other contentions of the petitioner.

The order of the Board will be

Affirmed.

---

[1] 49 U.S.C.A. § 646.